**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DON NELL HAWKINS,** ) | **CASE NO. 1: 17 CV 1978** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **PATRICIA A. GAUGHAN,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

Seeking to proceed *in forma pauperis*, Plaintiff Don Nell Hawkins, a federal prisoner, has filed a Complaint in this action against Judge Patricia A. Gaughan, who presided over the Plaintiff's criminal case. *See United States v. Hawkins*, Case No. 5:06 CR 505 (N.D. Ohio). In the case, the Plaintiff entered a guilty plea, pursuant to a Plea Agreement, to Count 3 of an indictment charging him with Possession with Intent to Distribute Cocaine Base. Judge Gaughan sentenced the Plaintiff to 240 months' imprisonment, followed by 10 years of supervised release. After the Plaintiff persisted in filing numerous subsequent, frivolous

petitions under § 2255, post-judgment motions, and motions for reconsideration, Judge Gaughan enjoined him from filing any further motions in the case, a ruling that was upheld by the Sixth Circuit Court of Appeals. *See, e.g.,* Case No. 5: 06 CR 505, Doc. Nos. 126, 176, 192, 195, 209, 214, 215.

In his present Complaint, the Plaintiff contends Judge Gaughan violated his rights by her rulings in his criminal case, including her order enjoining him from filing further motions. He seeks monetary, declaratory and injunctive relief against her pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which require federal district courts to review all *in forma pauperis* actions, and all actions in which prisoners seek redress from governmental officers and employees, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

It is well-settled that judicial officers are absolutely immune from civil suits for money damages. *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 648–49 (6th Cir.2014) (citing *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997), in turn citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Further, in the Sixth Circuit, absolute immunity in *Bivens* actions against federal judges also extends to requests for injunctive and others forms of equitable relief. *See Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (dismissing on screening a prisoner complaint against a

federal district court for the alleged violation of the plaintiff's civil rights during a suppression hearing).

Absolute judicial immunity may be overcome in only two instances, where a plaintiff complains of actions not taken in a judge's judicial capacity, and for actions that, although judicial in nature, are taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. The Plaintiff's allegations do not remotely implicate either exception.

## Conclusion

The Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) has been granted by separate order; his remaining motions (Doc. Nos. 3 and 4) are denied; and for the reasons stated above, this action is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** November 3, 2017